IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DONOVAN D. SIMMS,
TDCJ-CID No. 01375638,

    Plaintiff,

v.

KENDALL T. RICHARSON,

    Defendant

2:20-CV-006-Z-BR

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

This matter comes before the Court on Plaintiff's civil rights claims. Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. *See* ECF No. 3. Plaintiff was granted permission to proceed *in forma pauperis*. *See* ECF No. 5. For the reasons discussed herein, Plaintiff's Amended Complaint is **DISMISSED**.

### FACTUAL BACKGROUND

Plaintiff's Complaint alleges he and 47 other inmates were subjected to excessive force through the application of chemical agents. ECF No. 3 at 4. Plaintiff alleges on August 6, 2019, Defendants White, Rodriguez, and Madrid used chemical agents on a large group of prisoners congregated in the day room on their way to be served lunch. *See id.* Plaintiff claims he is not challenging any disciplinary proceeding resulting from the incident. *Id.* According to the Complaint, Plaintiff spoke with a TDCJ officer regarding the meal service. *See id.* at 5–6. The discussion became heated when prisoners were informed they would not be provided the chicken

parmesan lunch other prisoners were receiving that day, but instead would only receive bologna sandwiches. *Id.* Plaintiff claims that chemical agents were then used on the prisoners gathered in the dayroom. *See id.* Plaintiff submitted a copy of the grievances he filed concerning this incident. *See id.* at 9–12. These grievances clearly show Plaintiff received a major disciplinary case for failing to obey an order that created a unit disturbance. *Id.* at 10.

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears*[2] hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[3]

ANALYSIS

Plaintiff's excessive-force claim does not entirely implicate the validity of his disciplinary conviction. Rather, Plaintiff's claim that the use of force was entirely unprovoked would invalidate

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).
[3] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

2

his disciplinary conviction, but his excessive force claim is not *Heck*[4] barred if the underlying conviction is not necessarily invalidated. *See Edwards v. Balisok*, 520 U.S. 641, 647–48 (1997); *see also Hudson v. Hughes*, 98 F.3d 868, 872–73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in *Heck* if a successful civil rights claim would call into question the validity of the plaintiff's conviction); *see also Sappington v. Bartee*, 195 F.3d 234 (5th Cir. 1999) (holding that *Heck* bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer); *Donnelly v. Darby*, 81 Fed. Appx. 823, 2003 WL 22794388 (5th Cir. 2003) (unpublished per curiam) (rejecting excessive force claims from a state prisoner who received a disciplinary conviction arising from the same incident); *Powell v. Maddox*, 81 Fed. Appx. 476 (5th Cir. 2003) (unpublished per curiam).

Here, because it is possible that, despite some need to restore discipline as a result of Plaintiff's unruly behavior, the force used could still be considered excessive if not needed to protect the officer, other offenders or possibly the Plaintiff. Thus, Plaintiff's claim is not *Heck* barred solely on the basis of his disciplinary conviction for failure to obey an order.

Claims of excessive force to subdue convicted prisoner are analyzed under an Eighth Amendment standard. *Whitley v. Albers*, 475 U.S. 312 (1986). It is clearly established law that prison staff cannot cause the unnecessary and wanton infliction of pain. *Id.* at 320. The "core judicial inquiry" into a plaintiff's claim of excessive force under the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Martin v. Seal*, 510 Fed. Appx. 309, 312 (5th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The inquiry has two components: (1) an objective

---

[4] *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

inquiry that asks whether the alleged wrongdoing was nontrivial and harmful enough to violate the constitution, and (2) a subjective inquiry as to the mental state of the alleged wrongdoer. *Hudson*, 503 U.S. at 7–8. The courts look to five nonexclusive factors to make this determination:

1. the extent of the injury suffered;
2. the need for the application of force;
3. the relationship between this need and the amount of force used;
4. the threat reasonably perceived by the responsible officials; and
5. any efforts made to temper the severity of a forceful response.

*Baldwin v. Stalder*, 137 F.3d 836, 839 (5th Cir. 1998) (citing *Hudson*, 503 U.S. at 7). The Court can consider these factors in any order. *Id.* "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.' " *Deville*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

Plaintiff has no claim here. His allegations establish that the use of force was in response to a disciplinary infraction (not inflicted solely and maliciously to cause harm) and, most importantly, Plaintiff alleges solely temporary pain caused by the chemical agent and no lasting physical injury. ECF No. 3 at 4–6. Although it would be "repugnant to the conscience of mankind" for a correctional officer to deploy chemical agents to cause pain with *no* misbehavior on the part of an inmate, the use of chemical agents deployed to curtail identified misbehavior by an inmate when no injury occurs is simply not cognizable under Section 1983. "Short-term pain alone is insufficient to constitute more than *de minimis* injury for purposes of an excessive force claim." *Martinez v. Nueces Cnty., Tex.*, Civ. Action No. 2:13-CV-178, 2015 WL 65200, at *11 (S.D. Tex. Jan. 5, 2015); *accord Bradshaw v. Unknown Lieutenant*, No. 02-10072, 2002 WL 31017404 (5th Cir. Aug. 21, 2002) (finding that inmate's "burning eyes and skin for approximately 24 hours, twitching of his eyes, blurred vision, irritation of his nose and throat, blistering of his skin, rapid

4

heartbeat, mental anguish, shock and fear as a result of the use of mace" was a "*de minimis* injury" and *de minimis* injury does not rise to excessive force).

"No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." 42 U.S.C. § 1997e(e); *see also Siglar v. Hightower*, 112 F.3d 191, 193–94 (5th Cir. 1997) (holding that a sore and bruised ear lasting for three days was *de minimus* and did not meet the physical injury requirement found in the Prison Litigation Reform Act). In order to state an Eighth Amendment claim, a prisoner must have "suffered at least some injury." *See, e.g., Lee v. Wilson*, 237 Fed. Appx. 965, 966 (5th Cir. 2007) (unpublished) (affirming the dismissal of a prisoner's excessive force claim, holding the prisoner's split lip was a *de minimus* injury and the conduct was not repugnant to the conscience of mankind).

Plaintiff's claims against Defendants present on the unit as supervisors must be dismissed. In Section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (internal marks omitted). "Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *see also Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Plaintiff has failed to allege direct involvement in the application of force by any supervisory Defendant.

5

**CONCLUSION**

The Complaint is **DISMISSED**.

**SO ORDERED.**

March __10__, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE